# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEO LERMA,<br><br>               Plaintiff,<br><br>     v.<br><br>R. MENDOZA, et al.,<br><br>               Defendants.<br>_____/ | CASE NO. 1:06-CV-00070-AWI-SMS-P<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTIONS FOR PRELIMINARY INJUNCTIVE RELIEF AND DECLARATORY RELIEF BE DENIED<br><br>(Docs. 4 and 13) |

     Plaintiff Leo Lerma ("plaintiff") is a prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On February 2, 2006, plaintiff filed a motion seeking a preliminary injunction mandating that prison officials at California State Prison-Corcoran provide him with adequate medical care. (Doc. 4.) On May 22, 2006, plaintiff filed a document entitled "Leave for Notice of Declaratory Judgment, Injunctive Relief and Declaration of Leo Lerma." (Doc. 13.)

     Turning first to plaintiff's motion for preliminary injunctive relief, the purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. <u>University of Texas v. Camenisch</u>, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." <u>Arcamuzi v. Continental Air Lines, Inc.</u>, 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of

irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

A federal court is a court of limited jurisdiction. Because of this limited jurisdiction, as a threshold and preliminary matter the court must have before it for consideration a "case" or "controversy." Flast v. Cohen, 392 U.S. 83, 88 (1968). If the court does not have a "case" or "controversy" before it, it has no power to hear the matter in question. Rivera v. Freeman, 469 F. 2d 1159, 1162-63 (9th Cir. 1972).

In a separate order issued concurrently with this Findings and Recommendations, the court dismissed plaintiff's amended complaint, with leave to amend, for failure to state any claims upon which relief may be granted under section 1983. Accordingly, there is no case or controversy before the court at this time. Further, plaintiff's amended complaint does not set forth any claims based on denial of medical care, in violation of the Eighth Amendment. Because the issuance of the order sought by plaintiff in his motion would not remedy any cognizable claim in this action, the court lacks jurisdiction to issue such an order.

In addition, plaintiff's motion is very conclusory and lacking any evidentiary support. "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (quotations and citations omitted) (emphasis in original). A party seeking a preliminary injunction simply cannot prevail when that motion is unsupported by evidence.

Finally, plaintiff is no longer housed at California State Prison-Corcoran, where the claims in this action arose and where plaintiff was housed when he filed the motion. (Docs. 10-12.) When an inmate seeks injunctive relief concerning the prison where he is incarcerated, his claims for such relief become moot when he is no longer subjected to those conditions. Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991).

Plaintiff's filing of May 22, 2006, does not request any relief. However, construed liberally, it appears to be a request for a declaratory judgment. A declaratory judgment may only issue if there exists "a case of actual controversy" before the court. 28 U.S.C. § 2201(a); Societe de

1  Conditionnement en Aluminium v. Hunter Engineering Co., Inc., 655 F.2d 938, 942 (9th Cir. 1981).
2  As set forth above, at this juncture there is no case or controversy before the court.

3  Further, even if plaintiff is able to amend and state one or more cognizable claims under
4  section 1983, "[a] case or controversy exists justifying declaratory relief only when 'the challenged
5  government activity is not contingent, has not evaporated or disappeared, and, by its continuing and
6  brooding presence, casts what may well be a substantial adverse effect on the interests of the
7  petitioning parties.'"  Headwaters, Inc. v. Bureau of Land Management, Medford Dist., 893 F.2d
8  1012, 1015 (9th Cir. 1989) (quoting Super Tire Engineering Co. v. McCorkle, 416 U.S. 115, 122
9  (1974)).  Plaintiff's transfer from California State Prison-Corcoran rendered any claim for
10  declaratory relief moot.

11  For all of the foregoing reasons, the court HEREBY RECOMMENDS that plaintiff's motion
12  for preliminary injunctive relief, filed February 2, 2006, and motion for a declaratory relief, filed
13  May 22, 2006, be DENIED.

14  These Findings and Recommendations will be submitted to the United States District Judge
15  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30)
16  days after being served with these Findings and Recommendations, plaintiff may file written
17  objections with the court.  The document should be captioned "Objections to Magistrate Judge's
18  Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
19  specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d
20  1153 (9th Cir. 1991).

22  IT IS SO ORDERED.

23  **Dated:   June 2, 2006**              /s/ Sandra M. Snyder
    icido3                              UNITED STATES MAGISTRATE JUDGE