# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEO LERMA,<br><br>        Plaintiff,<br><br>    v.<br><br>R. MENDOZA, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:06-CV-00070-AWI-SMS-P<br><br>ORDER DIRECTING CLERK'S OFFICE TO CORRECT DOCKET TO REFLECT THAT DOCUMENT 9 IS AN AMENDED COMPLAINT RATHER THAN A SECOND AMENDED COMPLAINT<br><br>(Doc. 9)<br><br>ORDER DISMISSING AMENDED COMPLAINT, WITH LEAVE TO AMEND<br><br>(Doc. 9) |

I.    Screening Order

    A.    Screening Requirement

Plaintiff Leo Lerma ("plaintiff") is a prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on January 19, 2006, and filed an amended complaint on March 21, 2006.[1]

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

---

[1] Plaintiff identified his amended complaint as a second amended complaint and it was docketed as such by the Clerk's Office. The Clerk's Office shall be directed to change the docket so that it correctly reflects that the complaint filed on March 21, 2006 is an amended complaint, not a second amended complaint.

1

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

B.   Summary of Plaintiff's Amended Complaint and Claims

The events at issue in the instant action allegedly occurred at California State Prison-Corcoran, where plaintiff was incarcerated at the time. Plaintiff names R. Mendoza, E. Torrez, M. Avila, M. Pina, B. Cooke, C. Rodriguez, B. Silva, M. M. Miller, and D. D. Ortiz as a defendants. Plaintiff is seeking money damages.

///

1     Plaintiff's claims in this action are based on the refusal to provide plaintiff with an inmate
2 appeal form and an inquiry into why plaintiff wanted a form, the placement and retention of plaintiff
3 in administrative segregation, and the issuance of a Rules Violation Report and subsequent finding
4 of guilt.

5              1.    <u>Rule 8 Requirements</u>

6     Plaintiff's amended complaint is forty-six pages long, twenty-six of which comprise the
7 statement of plaintiff's claims. At paragraphs fifty-six and fifty-seven, plaintiff asserts that although
8 lengthy, his complaint is a clear and precise articulation of his case and meets Rule 8(a) standards.
9 The court disagrees.

10     Rule 8(a) calls for a "short and plain statement of the claim showing that the pleader is
11 entitled to relief," and expresses the principle of notice-pleading, whereby the pleader need only give
12 the opposing party fair notice of a claim. <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957). Rule 8(a)
13 does not require an elaborate recitation of every fact a plaintiff may ultimately rely upon at trial, but
14 only a statement sufficient to "give the defendant fair notice of what the plaintiff's claim is and the
15 grounds upon which it rests." <u>Id</u>. at 47. There are certainly situations in which a lengthy complaint
16 complies with Rule 8. This, however, is not one.

17     Plaintiff's amended complaint is made lengthy not by plaintiff's need to set forth facts in
18 support of his claims but because the complaint is filled with excess verbiage that can best be
19 described as legalese and legal argument. For example, plaintiff alleges, "Defendant R. Mendoza
20 et al; under the color of state law, "wantonness" in infliction of deprivation of plaintiff cruel and
21 unusual punishment, consisted of acting maliciously and sadistically for the very purpose of causing
22 harm rather than merely acting deliberate indifference; plaintiff's allegations defendants' acting
23 under color of state law." (Amend. Comp., ¶49.) In the next paragraph, plaintiff alleges, "All
24 defendants' acting under the color of state law, have violated my civil rights, to be free from wanton
25 infliction of pain, acting with sadistic, malicious intentions, manifestly murderous, dangerous
26 uncivilized and unsanitary conduct acting barbaric under the color of state law, in violation of my
27 civil rights guaranteed by 42 U.S.C. § 1983 and the Eighth, and the Fourteenth Amendments of the
28 ///

1  United States Constitution and California law." (Id., ¶50.) The amended complaint is filled with
2  such unnecessary language.
3      The court has reviewed plaintiff's amended complaint in its entirety and screened it on its
4  merits. For the reasons set forth in the following subsections, the court finds that plaintiff's amended
5  complaint does not state any claims upon which relief may be granted under section 1983. Plaintiff
6  shall be granted the opportunity to file a second amended complaint. Plaintiff is cautioned against
7  again filing a needlessly lengthy complaint filled with unnecessary legalese and argument. Plaintiff
8  should only set forth the facts that are relevant to his legal claims. If plaintiff's complaint again fails
9  to comply with Rule 8(a), the court may strike the complaint from the record for failure to comply
10 with Rule 8 and failure to comply with this order.

        2.    <u>Claims Based on Failure to Provide Appeal Form and Retaliatory Conduct</u>

12     Plaintiff alleges that defendant Mendoza refused to provide him with an inmate appeal form
13 on June 2, 2005, thereby violating his constitutional rights. Plaintiff further alleges that defendant
14 asked other inmates what plaintiff wanted the form for, which plaintiff contends constituted
15 retaliation. Plaintiff subsequently appealed defendant's actions.
16     The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the deprivation
> of any rights, privileges, or immunities secured by the Constitution .
> . . shall be liable to the party injured in an action at law, suit in equity,
> or other proper proceeding for redress.

20 42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the
21 actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See <u>Monell</u>
22 <u>v. Department of Social Services</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976). The
23 Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right,
24 within the meaning of section 1983, if he does an affirmative act, participates in another's
25 affirmative acts or omits to perform an act which he is legally required to do that causes the
26 deprivation of which complaint is made." <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978). In
27 order to state a claim for relief under section 1983, plaintiff must link each named defendant with
28 some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

  To state a claim under section 1983, a plaintiff must plead (1) that the defendant acted under color of state law and (2) that the defendant deprived him of rights secured by the Constitution or federal statutes.  Gibson v. United States, 781 F.2d 1334, 1338 (9th Cir. 1986).  "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates."  Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).  Defendant's failure to provide plaintiff with an appeal form on June 2, 2005, causing plaintiff to have to make multiple requests in order to obtain the form, did not violate plaintiff's constitutional rights.  "[N]ot every social injustice [, to the extent that this even qualifies as such,] has a judicial remedy." Nunez v. City of Los Angeles, 147 F.3d 867, 874 (9th Cir. 1998).  Plaintiff's claim fails as a matter of law.

  Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim.  Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995).  "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements:  (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

  Inquiring why plaintiff wanted the form does not give rise to a claim for relief for retaliation. Asking a question such as that simply does not constitute an adverse action sufficient to chill the rights of a person of ordinary firmness.  See Rhodes, 408 F.3d at 568-69 (citing Mendocino Envtl. Ctr. v. Mendocino County, 192 F.3d 1282, 1300 (9th Cir. 1999)); Davis v. Goord, 320 F.3d 346, (2d. Cir. 2003); Dawes v. Walker, 239 F.3d 489, 492-93 (2d Cir. 2001).  This claim also fails as a matter of law.

///

3. Due Process Claims

Plaintiff alleges that on August 10, 2005, defendants Avila and Torrez, in conspiracy with defendant Mendoza, falsified documents and placed plaintiff in administrative segregation. Plaintiff alleges that the report was approved by defendants Cooke and Rodriguez, in conspiracy with defendant Miller. Plaintiff alleges that he was not provided with a 114-D hearing.[2] Plaintiff alleges that defendants conspired to issue a false Rules Violation Report (CDC-115), deprived him of his right to a fair hearing and to present his views, and deprived him of his right to participate in rehabilitative programs.

Plaintiff alleges that he was released back to general population by the ICC (Institutional Classification Committee) on November 16, 2005, and defendants placed him back in administrative segregation for the second time on November 23, 2005, with a false report. Plaintiff alleges that defendant Silva deprived him of a fair hearing and the right to present his views, and found him guilty. Plaintiff alleges that he was deprived of his right to participate in rehabilitative programs.

Turning to plaintiff's first placement in administrative segregation, the Due Process Clause protects prisoners from being deprived of life, liberty, or property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for denial of procedural or substantive due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Sandin v. Conner, 515 U.S. 472, 487 (1995); Nunez, 147 F.3d at 871. Liberty interests may arise from the Due Process Clause itself or from state law. Hewitt v. Helms, 459 U.S. 460, 466-68 (1983). The Due Process Clause itself does not confer on inmates a liberty interest in being confined in the general prison population instead of segregation, see Hewitt, 459 U.S. 460 at 466-68, and liberty interests created by prison regulations are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 481-84.

Plaintiff does not have a liberty interest in remaining free from administrative segregation, May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997), and does not have a right to participate in

---

[2] It appears plaintiff is referring to the hearing held following placement in administrative segregation.

6

rehabilitative programs. Rizzo, 778 F.2d at 530-31. Absent the deprivation of a protected liberty interest, plaintiff may not pursue a claim for denial of procedural or substantive due process. Accordingly, plaintiff's claim against defendants stemming from his placement and retention in administrative segregation between August 10, 2005, and November 16, 2005, fails to state a claim for denial of due process.

Turning to the second time plaintiff was placed in administrative segregation, plaintiff was found guilty of threatening staff and lost sixty days of time credits. (Amend. Comp., p. 46.) Where "success in a . . . [section] 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." Muhammad v. Close, 540 U.S. 749, 751, 124 S.Ct. 1303, 1304 (2004) (citing to Heck v. Humphrey, 512 U.S. 477 (1994)); Edwards v. Balisok, 520 U.S. 641, 648 (1997) (applying Heck to a prison disciplinary hearing where good-time credits were affected). Because the punishment imposed at the disciplinary hearing affects the duration of plaintiff's sentence, plaintiff's due process claim is barred until such time as plaintiff invalidates the result of the disciplinary hearing.

In addition, the hearing at issue occurred on December 23, 2005. Plaintiff's original complaint was dated on December 23, 2005, and was filed on January 9, 2006. It is not possible that plaintiff could have exhausted the available administrative remedies in compliance with 42 U.S.C. § 1997e(a) with respect to this claim prior to filing suit. Claim exhaustion must occur prior to filing suit. McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Thus even if plaintiff's claim was not barred under the favorable termination rule set forth in the preceding paragraph, plaintiff's claim could not be raised in this action because it was not exhausted prior to filing suit.

### 4. Eighth Amendment Claims

Plaintiff alleges throughout his amended complaint that defendants violated his rights under the Eighth Amendment. To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain . . . ." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care,

7

and personal safety. Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). "What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Id. at 8 (quotations and citations omitted). "[E]xtreme deprivations are required to make out a[n] [Eighth Amendment] conditions-of-confinement claim." Id. at 9 (citation omitted). With respect to this type of claim, "[b]ecause routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Id. (quotations and citations omitted).

Prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." Farmer, 511 U.S. at 837. Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it. Id. at 837-45. Prison officials may avoid liability by presenting evidence that they lacked knowledge of the risk, or by presenting evidence of a reasonable, albeit unsuccessful, response to the risk. Id. at 844-45. Mere negligence on the part of the prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. Id. at 835; Frost, 152 F.3d at 1128.

Plaintiff has not alleged any facts which support a claim that his rights under the Eighth Amendment were violated by defendants. The failure to provide plaintiff with an appeal form, the act of inquiring why plaintiff wanted an appeal form, the placement and retention of plaintiff in administrative segregation on two occasions, and the acts of charging plaintiff with a rules violation

and finding him guilty of the rules violation do not support a claim that defendants subjected plaintiff to conditions so extreme that they rose to the level of an Eighth Amendment violation or that defendants acted with deliberate indifference in doing so.

          5.      Equal Protection Claim

Plaintiff alleges throughout his amended complaint that his right to equal protection was violated by defendants. Equal protection claims arise when a charge is made that similarly situated individuals are treated differently without a rational relationship to a legitimate state purpose. See San Antonio School District v. Rodriguez, 411 U.S. 1 (1972). In order to state a § 1983 claim based on a violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must show that defendants acted with intentional discrimination against plaintiff or against a class of inmates which included plaintiff. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (equal protection claims may be brought by a "class of one"); Reese v. Jefferson Sch. Dist. No. 14J, 208 F.3d 736, 740 (9th Cir. 2000); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998); Federal Deposit Ins. Corp. v. Henderson, 940 F.2d 465, 471 (9th Cir. 1991); Lowe v. City of Monrovia, 775 F.2d 998, 1010 (9th Cir. 1985). "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren, 152 F.3d at 1194.

Plaintiff's amended complaint does not set forth any facts supporting a claim under section 1983 based on violation of the Equal Protection Clause. Accordingly, plaintiff fails to state any equal protection claims.

    C.    Conclusion

The court finds that plaintiff's amended complaint does not state any claims upon which relief may be granted under section 1983. The court will provide plaintiff with the opportunity to file a second amended complaint curing the deficiencies identified by the court in this order.

Plaintiff is informed he must demonstrate in his complaint how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or

connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, plaintiff is advised that Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall correct the docket to reflect that document 9 is an amended complaint rather than a second amended complaint;

2. Plaintiff's amended complaint is dismissed, with leave to amend, for failure to state any claims upon which relief may be granted under section 1983;

3. The Clerk's Office shall send plaintiff a civil rights complaint form;

4. Within **thirty (30) days** from the date of service of this order, plaintiff shall file a second amended complaint; and

5. If plaintiff fails to file a second amended complaint in compliance with this order, the court will recommend that this action be dismissed, with prejudice, for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

**Dated:   June 2, 2006**              /s/ Sandra M. Snyder
icido3                            UNITED STATES MAGISTRATE JUDGE