# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEO LERMA,<br><br>          Plaintiff,<br><br>    v.<br><br>R. MENDOZA, et al.,<br><br>          Defendants. | CASE NO. 1:06-CV-00070-AWI-SMS-P<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND A PRELIMINARY INJUNCTION BE DENIED<br><br>(Doc. 16) |

    Plaintiff Leo Lerma ("plaintiff") is a prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On June 8, 2006, plaintiff filed a motion seeking a temporary restraining order and a preliminary injunction concerning his conditions of confinement at the Kern County Sheriff's Department Detentions Facility in Bakersfield.

    The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must

///

demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

On June 2, 2006, the court issued an order dismissing plaintiff's amended complaint, with leave to amend, for failure to state any claims upon which relief may be granted under section 1983, and a Findings and Recommendations (F&R) recommending that plaintiff's previously filed motions seeking preliminary injunctive relief and declaratory relief be denied. Because the instant motion bears the date June 2, 2006, and the court's order and F&R were not served until the week of June 5, 2006, plaintiff was not in receipt of the court's order and F&R at the time he drafted and mailed this motion.

As set forth in the F&R of June 2, 2006, a federal court is a court of limited jurisdiction. Because of this limited jurisdiction, as a threshold and preliminary matter the court must have before it for consideration a "case" or "controversy." Flast v. Cohen, 392 U.S. 83, 88 (1968). If the court does not have a "case" or "controversy" before it, it has no power to hear the matter in question. Rivera v. Freeman, 469 F. 2d 1159, 1162-63 (9th Cir. 1972).

There is no case or controversy before the court at this time, as plaintiff's amended complaint did not contain any claims upon which relief may be granted under section 1983. Further, plaintiff's claims in this action arise from events that allegedly occurred while he was incarcerated at California State Prison-Corcoran. Plaintiff may not seek preliminary injunctive relief aimed at remedying conditions he is being subjected to while in the custody of the Kern County Sheriff's Department, as the issuance of any such orders would not remedy any of the claims alleged in this action. To the extent that plaintiff may be able to amend his complaint to allege a cognizable claim for relief against officials at CSP-Corcoran, the court does not now and will not then have jurisdiction to issue any orders against officials in the Kern County Sheriff's Department.

Based on the foregoing, the court HEREBY RECOMMENDS that plaintiff's motion for preliminary injunctive relief, filed June 8, 2006, be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **twenty (20) days** after being served with these Findings and Recommendations, plaintiff may file written

objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:     June 16, 2006**                          **/s/ Sandra M. Snyder**
icido3                                              UNITED STATES MAGISTRATE JUDGE