# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEO LERMA,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>R. MENDOZA, et al.,<br><br>　　　　　　Defendants.<br>　　　　　　　　　　　　　　／ | CASE NO. 1:06-cv-00070-AWI-SMS PC<br><br>ORDER DISMISSING SECOND AMENDED COMPLAINT, WITH LEAVE TO FILE THIRD AMENDED COMPLAINT WITHIN THIRTY DAYS<br><br>(Doc. 18) |

I.　Screening Order

　　A.　Screening Requirement

Plaintiff Leo Lerma ("plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on January 19, 2006, and filed a first amended complaint on March 21, 2006. On June 6, 2006, the court dismissed plaintiff's first amended complaint, with leave to amend, for failure to state any claims upon which relief may be granted under section 1983. Plaintiff filed a second amended complaint on June 19, 2006.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

B.   Plaintiff's Claims

The events at issue in the instant action allegedly occurred at California State Prison-Corcoran, where plaintiff was incarcerated at the time. Plaintiff names R. Mendoza, E. Torrez, M. Avila, M. Pina, B. Cooke, C. Rodriguez, B. Silva, M. M. Miller, and D. D. Ortiz as a defendants. Plaintiff is seeking money damages.

Plaintiff alleges that on August 10, 2005, defendants Mendoza, Torrez, and Avila retaliated against him for filing inmate appeals by placing him in administrative segregation (ad-seg) on a false report. Plaintiff alleges that he did not violate any rules. Plaintiff alleges defendant Cooke approved

the false report, defendant Rodriguez gave the order, and defendant Miller failed to provide plaintiff with the opportunity to show that he was not guilty. Plaintiff alleges that all the events occurred under the watch of defendant Ortiz, who was the Associate Warden.

Plaintiff alleges that on November 16, 2005, he was released from ad-seg and on November 25, 2005, he was placed back in ad-seg on another false report by defendants Mendoza, Pina, and Torres. Plaintiff alleges the report was approved by defendant Cooke, the order was given by defendant Rodriguez, and defendant Miller did not give him a chance to prove that he was innocent. Plaintiff alleges that he showed defendant Silva, who was the hearing officer, the threatening note he was accused of writing and pointed out the CDC number on the note was incorrect. Plaintiff alleges the note disappeared and was not seen again. Plaintiff alleges he was given a five month Security Housing Unit term for the false charge, which he contested and won dismissal of. Plaintiff alleges he was returned back to general population on February 22, 2006.

Plaintiff alleges claims for retaliation, denial of due process, and cruel and unusual punishment.

       1.     Retaliation Claim

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

///

42 U.S.C. § 1983. Section 1983 plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "'A person 'subjects' another to the deprivation of a constitutional right, within the meaning of [§] 1983, if [that person] does an affirmative act, participates in another's affirmative acts or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Hydrick v. Hunter, 466 F.3d 676, 689 (9th Cir. 2006) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also be setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

Plaintiff's allegations are sufficient to give rise to a claim for relief against defendants Mendoza, Torrez, and Avila for placing him in ad-seg on August 10, 2005, in retaliation for filing inmate appeals. However, plaintiff's allegations are insufficient to give rise to any other retaliation claims because plaintiff has not set forth facts linking the adverse actions complained of to any retaliatory motive.

    2. Due Process Claim

The Due Process Clause protects against the deprivation of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to invoke the protection of the Due Process Clause, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. Wilkinson v. Austin, 125 S.Ct. 2384, 2393 (2005). The Due Process Clause itself does not confer on inmates a liberty interest in avoiding "more adverse conditions of confinement." Wilkinson, 125 S.Ct. at 2393; Hewitt v. Helms, 459 U.S. 460, 466-68 (1983). Under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation. Sandin v. Conner, 515 U.S. 472, 481-84 (1995). Liberty interests created by state law are "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515

U.S. 472, 484, 115 S.Ct. 2293, 2300 (1995); Myron v. Terhune, No. 04-15770, 2007 WL 400759, at *1 (9th Cir. Feb. 7, 2007).

Plaintiff has not alleged any facts supporting a claim that he was deprived of a protected liberty interest. Sandin, 515 U.S. at 484, 115 S.Ct. at 230; Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000); May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997); see also Myron, 2007 WL 400759, at *1. Because plaintiff has not established that he had a protected liberty interest at stake, plaintiff may not pursue a claim premised on the deprivation of procedural due process. This claim fails as a matter of law.

### 3. Conditions-of-Confinement Claim

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain . . . ." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." Farmer, 511 U.S. at 837.

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishment Clause depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Id. at 8 (quotations and citations omitted). "[E]xtreme deprivations are required to make out a[n] [Eighth Amendment] conditions-of-confinement claim." Id. at 9 (citation omitted). With respect to this type of claim, "[b]ecause routine discomfort is part

of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Id. (quotations and citations omitted).

The allegations set forth in plaintiff's second amended complaint do not support a claim that plaintiff was subjected to cruel and unusual punishment in violation of the Eighth Amendment. This claim fails as a matter of law.

### 4. Supervisory Liability Claim Against Defendant Ortiz

Under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of respondeat superior. When the named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983. See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

Plaintiff has not alleged any facts indicating that defendant Ortiz personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black at 646. The allegation that the events complained of occurred under defendant Ortiz's watch as Associate Warden is insufficient to give rise to a claim for relief under section 1983, and the claim fails as a matter of law.

///

C.   Conclusion

The court finds that plaintiff's second amended complaint states a retaliation claim against defendants Mendoza, Torrez, and Avila based on the August 10, 2005, incident but does not state any other claims upon which relief may be granted under section 1983.  The court will provide plaintiff with one final opportunity to file a third amended complaint curing the deficiencies identified by the court in this order.  <u>Leave to amend is limited to curing the deficiencies identified by the court is this order.  Plaintiff may not add any new claims or parties in his third amended complaint, and if he does so, the third amended complaint will be stricken from the record.</u>

Plaintiff is informed he must demonstrate in his complaint how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, plaintiff is advised that Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a general rule, an amended complaint supersedes the original complaint.  See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's second amended complaint is dismissed, with leave to amend;
2. The Clerk's Office shall send plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, plaintiff shall file a third amended complaint;
4. <u>Leave to amend is limited to curing the deficiencies identified by the court is this order</u>;

7

5. <u>Plaintiff may not add any new claims or parties in his third amended complaint, and if he does so, the third amended complaint will be stricken from the record</u>; and

6. If plaintiff fails to file a third amended complaint in compliance with this order, the court will recommend that this action be dismissed, without prejudice, for failure to obey a court order.

IT IS SO ORDERED.

**Dated:   February 22, 2007**            /s/ Sandra M. Snyder
icido3                                        UNITED STATES MAGISTRATE JUDGE