IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEO LERMA,<br><br>        Plaintiff,<br><br>vs.<br><br>R. MENDOZA, et al.,<br><br>        Defendants. | 1:06-cv-00070-AWI-SMS PC<br><br>**FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO OBEY A COURT ORDER**<br><br>(Doc. 33) |

Plaintiff Leo Lerma ("plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On February 23, 2007, the court issued an order requiring plaintiff to file a third amended complaint within thirty days from the date of service of that order. The thirty-day period has passed, and plaintiff has failed to comply with or otherwise respond to the court's order.

Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of

that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)(dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987)(dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986)(dismissal for failure to lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and, (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In the instant case, the court finds that the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket weigh in favor of dismissal. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal,

1  since a presumption of injury arises from the occurrence of
2  unreasonable delay in prosecuting an action. <u>Anderson v. Air West</u>,
3  542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy
4  favoring disposition of cases on their merits -- is greatly outweighed
5  by the factors in favor of dismissal discussed herein. Finally, a
6  court's warning to a party that his failure to obey the court's order
7  will result in dismissal satisfies the "consideration of alternatives"
8  requirement. <u>Ferdik v. Bonzelet</u>, 963 F.2d at 1262; <u>Malone</u>, 833 at
9  132-33; <u>Henderson</u>, 779 F.2d at 1424. The court's order of February
10 23, 2007, expressly stated: "If plaintiff fails to file a third
11 amended complaint in compliance with this order, the court will
12 recommend that this action be dismissed, without prejudice, for
13 failure to obey a court order." Thus, plaintiff had adequate warning
14 that dismissal would result from non-compliance with the court's
15 order.
16    Accordingly, the court HEREBY RECOMMENDS that this action be
17 DISMISSED, without prejudice, based on plaintiff's failure to obey the
18 court's order of February 23, 2007.
19    These Findings and Recommendations are submitted to the United
20 States District Judge assigned to the case, pursuant to the provisions
21 of Title 28 U.S.C. § 636(b)(l). Within **twenty (20) days** after being
22 served with these Findings and Recommendations, plaintiff may file
23 written objections with the court. Such a document should be
24 captioned "Objections to Magistrate Judge's Findings and
25 Recommendations." Plaintiff is advised that failure to file
26 objections within the specified time may waive the right to appeal the
27 ///
28 ///

1 District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   April 10, 2007**                         <u>         /s/ Sandra M. Snyder         </u>
                                    UNITED STATES MAGISTRATE JUDGE